## Wilkes' Estate

*James J. Breen,* for exceptant.

*Clarence K. Gundaker,* of *Moore, Gossling & Panfil,* contra.

PER CURIAM, December 13, 1935.—We are of opinion that the learned auditing judge interpreted the will of testatrix in accordance with her expressed intent, and for that reason we will dismiss the exceptions of one of the alternate legatees, which is the only question submitted on exceptions.

And, in the circumstances, it is necessary to add but little to what has been said in the adjudication. To interpret the clause of the will, "or should my said husband not survive me long enough to come into actual possession of my estate, then" a gift over to a sister and sister-in-law of testatrix, as cutting down or modifying an outright gift of the estate to the husband, would be in the face of all authorities in point; and an incentive for a hostile executor purposely to delay. The estate vested in the husband by virtue of the absolute gift to him, and delay in payment was only because of claims of possible creditors; and an absolute gift is, as is well said by the learned auditing judge, not to be cut down by later phrases, which at best are but of such character as to give rise to dispute and discussion. In a word, the hus-

band, the first object of the bounty of his wife, is to be preferred whenever possible as against those who by law are not within the preferred class of surviving spouses.

All exceptions are dismissed and the adjudication is confirmed absolutely.